**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BASF CORPORATION,

                        Plaintiff,

           v.

                                     1:19-CV-0134
                                     (LEK/DJS)

CURIA GLOBAL, INC., *et al.*,

                        Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

This action was commenced by BASF Corporation on February 1, 2019. Dkt. No. 1, Compl. The Complaint seeks contribution from the Defendants, pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613 ("CERCLA"), for response costs that BASF has expended, or will expend, for the cleanup of hazardous substances released into the Hudson River in Rensselaer, New York. *Id.* After various Motions to Dismiss were resolved, a Rule 16 scheduling conference was held with the Court and counsel on June 4, 2020. *See* Text Minute Entry, dated June 4, 2020. This Court issued a Pretrial Scheduling Order that called for the completion of fact discovery by July 15, 2021. Dkt. No. 100, UPSO. The parties have actively engaged in discovery and, as a result, and with consent, the discovery deadline was extended first to September 17, 2021, then to April 15, 2022, then to July

14, 2022, and finally to the present deadline of October 12, 2022.  Dkt. Nos. 115, 117, 122, 138 & 147.

On December 13, 2021, Plaintiff BASF filed a Motion to approve the entry of consent decree against the United States of America in the amount of $3,975,000.00.  Dkt. Nos. 126; 126-2.  In their responses to Plaintiff's Motion none of the non-settling Defendants oppose the consent judgment which the parties have stipulated protects those Defendants in the form of a set-off of the greater of the United States Government's monetary contribution, or the percentage of the Government's share of any liability, which will continue to be litigated.  *See* Dkt. No. 133 at pp. 11-12.  However, the non-settling Defendants have expressed concern about losing the perceived leverage that the Court would have over the United States if it were no longer a party to the proceeding. *Id.* at pp. 4-6.  Further, they point to alleged deficiencies in the Government's discovery responses submitted to date and note that the Government has now been served by the non-settling Defendants[1] with a Rule 30(b)(6) deposition notice, which they would like to proceed with regardless of the approval of the consent decree.  *Id.*  Counsel for the United States and counsel for BASF object to the positions of the remaining Defendant, which, in their view, seek to change the terms of the settlement agreement.  *See* Dkt. No. 136.

Pursuant to the directive of Senior United States District Court Judge Lawrence E. Kahn, Dkt. No. 139, this Court held a telephone conference on June 9, 2022, with counsel

---

[1] It is of no moment that the Rule 30(b)(6) notice was served by only certain Defendants as discovery was proceeding jointly.  *See* Dkt. No. 157.

for all the remaining parties regarding the status of discovery. The United States Government appeared by its attorney Heather Gange, who represented to the Court that the discovery responses submitted to date by the Government were complete and accurate. Dkt. No. 151 at pp. 10-12. Ms. Gagne noted that the Government's control of the site ended in 1965, and therefore there is no one presently in the Government with first-hand information about operation and control at the site. *See also* Dkt. No. 136-1 (the United States' involvement at the site at issue was limited to the seizure of less than all of the stock of General Aniline and Dye Corporation pursuant to the Trading with the Enemy Act and its administration thereof as a majority stockholder between 1942 and 1965. Because those actions took place between 56 and 79 years ago, any persons involved in or having knowledge of such actions *likely* are deceased.") (emphasis added). When the Complaint was originally filed, and prior thereto, the Government undertook searches of its records to obtain information relevant to the matter, and provided that information to the parties as part of the Government's initial disclosures. Attorney Gagne also asserted, however, that upon receipt of the Defendants' discovery demands its experts had engaged in further searches to find relevant information, and that the United States has since provided all responsive information that it has access to.[2] Further, the Government noted that much, if not all, of the relevant information sought is accessible on Governmental archives in electronic form accessible to all the parties. *Id.* at p. 3.

---

[2] The matter was complicated by the fact that, as a result of COVID-19 restrictions, access to certain archive locations has been curtailed. Dkt. No. 134. As noted in that status letter, the United States has represented that it has searched the relevant parts of the National Archives as part of its pre-suit activities and produced all relevant documents. The non-settling Defendants "are not in a position to verify BASF's or the US's characterization of their respective searches. . . ." *Id.*

BASF expressed its support for the settlement with the United States and indicated that it has received substantial discovery from the Government which allowed it to make a reasoned determination that the agreed-to settlement was advantageous and well supported. Dkt. No. 126-3.  In that regard, BASF is the only party that has a claim against the Government.

Counsel for the remaining Defendants, while not specifically objecting to the proposed settlement,[3] are concerned about their inability to obtain relevant information once the United States of America is no longer a party.  While the Defendants are protected by apportionment rules they have an independent duty to maximize the culpability of the United States of America, if warranted, to protect their own client's financial interests.  During a June 9, 2022 telephone conference none of the non-settling Defendants articulated a specific deficiency in the Government's responses, other than to say that their own experts have reviewed the commonly accessible databases and obtained different results based upon the queries that they submitted.

Finally, the non-settling Defendants now desire to conduct a Rule 30(b)(6) deposition of the United States to garner more information about the control of the site during the time period when the Government was involved.  They have not identified a specific individual who may have this information and instead assert that it is the

---

[3]  In *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993), the Second Circuit noted that a non-settling defendant generally lacks standing to object to a court order approving a partial settlement but that there is a recognized but limited exception to this general rule where the defendant can demonstrate that it will sustain some "formal legal prejudice" because of the settlement. However, loss of practical or strategic advantage in the litigation does not amount to formal legal prejudice.  *See Bhatia v. Piedrahita*, 756 F.3d 211 (2d Cir. 2014).

Government's responsibility to produce an individual to provide relevant information in all areas identified in the deposition notice. That deposition notice was served on February 15, 2022, well after the notice of the proposed settlement with the Government, and more than three years after the case was commenced.  Dkt. No. 151 at p. 17.

After the discovery conference, the Court directed that counsel for the Government submit an affidavit regarding the Government's efforts to comply with the document demands submitted to date, as well as the practicality of producing a competent Rule 30(b)(6) witness.  Dkt. No. 146.  As requested by the Court, the Government has now supplied the requested response.  Dkt. No. 152, Gange Decl.

As with all discovery disputes, the Court first considers proportional relevance and its six standards.[4]  *See Mackenzie Architects, P.C. v. VLG Real Ests. Devs., LLC*, 2017 WL 4898743, at *2 (N.D.N.Y. Mar. 3, 2017).  "Enveloping the interpretation of Rule 26 is the general standard set forth in Rule 1. That Rule, as amended in December of 2015, requires that the Federal Rules of Civil Procedure 'be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'"  *Ali-Hasan v. St. Peter's Health Partners Med. Assocs. P.C.*, 2021 WL 6135215, at *1 (N.D.N.Y. Oct. 14, 2021) (quoting FED. R. CIV. P. 1).

---

[4] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26.

This present dispute considers three discovery issues: (1) Has the United States fulfilled its discovery obligations to date?  (2)  Does the United States have a continuing obligation to provide discovery now that it has agreed to settle with the Plaintiff? (3) Is the Government required to produce a Rule 30(b)(6) witness pursuant to the deposition notice served *after* the intent to settle was filed on the record, and where the Government maintains it is unable to produce an adequate governmental witness?

As to the first question, the Court accepts the detailed representation of counsel for the United States concerning its efforts to timely and fully comply with its discovery obligations.  *See* Gange Decl.  That Declaration adequately sets forth efforts taken pre-suit, as part of the initial disclosure process, as well as additional steps taken upon receipt of the most recent Discovery demands by defense counsel.  *Id.* at ¶¶ 3-16.  The Declaration identified which archives are publicly accessible to the parties and what locations were limited in their access due to COVID protocols.  *Id.*  The Declaration identified one issue with regard to the production of certain documents, which has now been corrected.  *Id.* at ¶¶ 19-20.  The Government also offers to re-produce any document identified in its discovery responses up to 60 days after a consent decree is issued.  *Id.*  Finally, the Government's Declaration set forth what efforts were undertaken to ascertain any potential witness or government representative who would have personal knowledge concerning the subject matter of this litigation.  *Id.* at ¶¶ 21-24

Second, with regard to the Government's continuing duty to disclose, a few points are worthy of note. Initially, absent a stay, the mere pendency of settlement negotiations certainly does not relieve a party of continuing discovery obligations.  *Luft v. Crown*

*Publishers, Inc.,* 906 F.2d 862, 866 (2d Cir. 1990) ("the desire to settle, though laudable, does not excuse a deliberate failure to comply with the express orders of the court."). Further, it is clear that a party should not be permitted to use a settlement in a case with multiple defendants who are sharing the discovery burden to somehow interfere with discovery process for the remaining parties. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 WL 13655437, at *2 (N.D. Cal. Aug. 24, 2015), *report and recommendation adopted*, 2015 WL 13653876 (N.D. Cal. Sept. 11, 2015). On the other hand, a legitimate part of a settling party's motivation to resolve a matter may well be to avoid future litigation costs, including those associated with discovery. Nor does there appear to be any authority providing a party a basis on which to object to a partial settlement merely because it would be easier from a trial/discovery point of view to keep certain parties in the case.

Here, the Court does not perceive any effort to insulate a party from its discovery obligations through the proposed settlement. Instead, the Government represented that it has complied with its discovery obligations to the best of its ability, in light of various limitations. Importantly, the Government also notes that the documentation at issue is readily and equally accessible to all parties, which is a specific factor for the court to consider under the proportional relevant standard. FED. R. CIV. P. 26(b)(1). In addition, were the District Court to approve the consent decree, the United States would still be subject to a subpoena or other processes from the Court. Certainly, there is nothing in the proposed consent decree that legally curtails the parties ability to obtain information from the settling party. *See* Dkt. No. 126-2; Moore's Federal Practice, Manual for Complex

Litigation (Fourth) ¶ 13.22 ("Settlement provisions that relieve a settling party from further discovery (at least in part) may be problematic. . . .").

The non-settling Defendants for their part have not articulated a specific deficiency in the discovery responses, nor have they detailed any "meet and confer" efforts which would be a prerequisite to a discovery motion. *Gorman v. Rensselaer Cnty.*, 2016 WL 6679545, at *3 (N.D.N.Y. May 18, 2016) ("This District's Local Rules of Practice require attorneys to confer in good faith in an effort to resolve or narrow all discovery disputes before seeking judicial intervention. N.D.N.Y.L.R. 7.1(d)."). The failure of the Government to provide certain previously identified documents, an issue first raised by Defense counsel on July 8, 2022, has now been rectified. Gange Decl. at ¶ 19; Dkt No. 154.

In the Court's view, the most efficient resolution of this discovery issue is not to create an impediment to the partial settlement of the matter, but merely to confirm that the Government's discovery obligations to date have been satisfied. The Court is satisfied with the Declaration from the Government setting forth what has been done to date, and does not direct anything further.

Finally, the Court is concerned with regard to the practicality of the Government producing a sufficient Rule 30(b)(6) witness. The government, as a litigant, is subject to the same rules of discovery as any private party to litigation. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958). Under the Federal Rules of Civil Procedure,

> [A] party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The

named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. . . . The persons designated must testify about information *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

Under Rule 30(b)(6) a party must produce an individual with personal knowledge of the matters in the deposition or it is under an obligation to produce an individual and prepare them to provide "knowledgeable answers." *Rubik's Brand v. Flambeau, Inc.*, 2018 WL 11250294, at *2 (citing cases). However, "[i]f a [party] genuinely cannot provide an appropriate designee because it does not have the information, cannot reasonably obtain it from other sources, and still lacks sufficient knowledge after reviewing all available information, then its obligations under Rule 30(b)(6) cease. *Id*. at *2 (citing cases).

This Court is satisfied with the representations of the Government's counsel regarding their inability to produce a competent Rule 30(b)(6) witness, and considering all the factors presented in this case as well as the concept of proportional relevance, will not direct that such a deposition take place. *See Russo v. Aerojet Rocketdyne, Inc.*, 2020 WL 4530703, at *6 (E.D. Pa. Aug. 6, 2020) ("Curtiss-Wright contends that the information plaintiffs seek in the First Amended Notice of Deposition is not reasonably available to it because it is not in Curtiss-Wright's possession or control. Rather, the donated information is discoverable by other means, as it is publicly available. The court agrees.").

## CONCLUSION

For the reasons set forth above, and in response to the inquiry of the District Court, Dkt. No. 139, Text Order dated April 27, 2022, the Court determines that the Government has fulfilled its discovery obligations.

**SO ORDERED**.

Dated:   July 21, 2022
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

- 10 -